**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

MELISSA D. JOHNSON,      )
     )
     )
     Plaintiff,      )
     )    C.A. No. N24C-08-088 CEB
     v.      )
     )
LYNDA WILLIAMS,      )
     )
     )
     Defendant.      )

## <u>ORDER</u>

This 7th day of October, 2025, the Court finds:

1.     In her Complaint, the Plaintiff alleges that she was driving on the Philadelphia Pike and made a left turn at Marsh Road when the Defendant's vehicle collided with Plaintiff's. Apparently the Plaintiff vehicle was turning left and the Defendant vehicle was going straight in the opposite direction when they collided.

2.     So the question becomes: who had the right of way?

3.     Complicating matters for the Plaintiff is that the Complaint says Plaintiff had a solid green left turn arrow. But in her deposition, Plaintiff testified that there was no turn arrow, merely a green light. Defendant seizes upon this testimony to argue that Plaintiff admits she did not have a green arrow giving her the

right of way. Defendant seeks summary judgment on the basis of this testimony, arguing that this admission means Plaintiff cannot recover and Defendant is entitled to judgment.

4. Plaintiff argues that discovery is ongoing and is not due for completion for many months yet. Thus, Plaintiff argues, summary disposition is inappropriate at this stage. Defendant is unsure what else there is to discover, since Plaintiff has admitted turning in front of oncoming traffic.

5. It is unclear to the Court at this point exactly what happened and who had the right of way. For example, in contradiction to Plaintiff's deposition testimony, the narrative police report appended to the motion states that Plaintiff "observed a solid green arrow indicating she had the right of way." Surely there is a simple answer whether the intersection is controlled by a basic green light or a traffic arrow. It is less certain which one was lighted when Plaintiff went through it. A deposition of Defendant and/or other eyewitnesses may clear up exactly who struck whom. Or not.

6. For now, it is enough to say there are material facts in dispute that further discovery may (or may not) put to rest. The Court cannot grant summary disposition in this matter until there are no material facts in dispute.

7.     Defendant's motion is therefore denied, without prejudice to return once fact discovery is completed if Defendant believes she can convince the Court that there are no material facts in dispute.

Motion for Summary Judgment **DENIED** without prejudice.

**IT IS SO ORDERED**.

/s/ Charles E. Butler
Charles E. Butler, Resident Judge